930 F.2d 37
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN re MIU AUTOMATION CORPORATION, Petitioner.
 Misc. No. 302.
 United States Court of Appeals, Federal Circuit.
 Feb. 25, 1991.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON Petition for Writ of Mandamus.
 CLEVENGER, Circuit Judge.
 
 ORDER
 
 1
 MIU Automation Corporation ("MIU") petitions for writ of mandamus to direct the United States District Court for the Central District of California to dismiss a counterclaim brought by International Business Machines Corporation ("IBM") for a declaratory judgment of patent invalidity in answer to a complaint filed by MIU against IBM for patent infringement. IBM opposes the petition.
 
 BACKGROUND
 
 2
 In January 1990, MIU filed its complaint against IBM alleging inter alia, infringement of MIU's patent based on IBM's making, using and selling a device known as the "4755 Cryptographic Adapter".[1] IBM filed an answer and counterclaim for declaratory relief on March 1, 1990, seeking a declaration of noninfringement, invalidity and unenforceability.
 
 
 3
 In December of 1990, MIU moved the district court to dismiss MIU's complaint with prejudice and to dismiss IBM's counterclaim without prejudice. MIU stated it would stipulate to a finding of noninfringement of the claims of MIU's patent by IBM's device.[2] IBM objected to the dismissal of its counterclaim arguing that regardless of the dismissal of the infringement action a justiciable controversy would remain. On January 24, 1991 the district court granted MIU's motion to dismiss its complaint with prejudice but denied MIU's motion to dismiss IBM's counterclaim without prejudice because MIU has not stipulated that other existing IBM products do not infringe.
 
 
 4
 MIU argues that the district court is without jurisdiction to adjudicate the counterclaim because dismissal of the infringement claim with prejudice, based on a stipulation of noninfringement, renders the validity issue moot. MIU now petitions this court for mandamus seeking a writ directing the district court to dismiss IBM's counterclaim.
 
 DISCUSSION
 
 5
 Mandamus is an extraordinary remedy to be reserved for extraordinary circumstances. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). "Whereas a simple showing of error may suffice to obtain a reversal on direct appeal, to issue a writ of mandamus under such circumstances would undermine the settled limitations upon the power of an appellate court to review interlocutory orders." Will v. Calvert Fire Ins. Co., 437 U.S. 655, 661 (1978).
 
 
 6
 MUI argues that irreparable harm will result from compelling MUI to suffer the "needless expense" of trial on a moot issue, however, the Supreme Court has not recognized the expense and burden of trial as cognizable grounds for issuance of a writ of mandamus. See Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 30 (1943) (the cost and inconvenience of a trial do not by themselves justify circumventing appellate review by issuing a writ to review the trial court's jurisdiction). Moreover, MUI may seek review of the jurisdictional issue on appeal. See Roche, 319 U.S. at 26, ("appellate courts are reluctant to interfere with the decision of a lower court on jurisdictional questions which it was competent to decide and which are reviewable in the regular course of appeal"); See also In Re Chicago, R.I. & P.R. Co., 255 U.S. 273, 275-76 (1943) (writs should be granted addressing jurisdictional issues only if the party "has no other remedy"). Here, the district court's alleged error can be reviewed in the course of a normal appeal after judgment.
 
 
 7
 Moreover, we note that MUI has not demonstrated that a trial and possible appeal would be necessary. As noted by IBM, MIU has not sought discovery "about products as to which IBM has a reasonable apprehension of a claim of patent infringement" based on MUI's patent. Such discovery might provide the basis for further stipulations pertinent to the court's jurisdiction.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 MIU's petition for writ of mandamus is denied.
 
 
 
 [1]
 MIU's patent is directed to a device for encrypting and decrypting data into a computer
 
 
 [2]
 MIU stated in its memorandum in support of its motion to dismiss the complaint and counterclaim that MIU "will solely for the purposes of this motion, relinquish its right to enforce the claims of [the patent] against IBM's 4755 Cryptographic Adapter, as presently configured." MIU also stipulated to a finding of no infringement of the claims of MIU's patent as well as the same claims in any reissue or continuation patent, if and when, such reissue or continuation patent may be issued